Mease, Executor of Mease, v. Stevens.

# BURLINGTON NISI PRIUS.

## AUGUST TERM, 1793.

[433] MEASE, SURVIVING EXECUTOR OF MEASE, v.
STEVENS.

1. A bond is presumed to be paid after a lapse of twenty years, without any payment of interest appearing.

2. This presumption may be rebutted by showing any kind of acknowledgment by the obligor, or that he was not in a situation to pay had he been sued.

This was an action of debt on a bond dated May 20th, 1765, for the sum of £2,000, conditioned for the payment of £1,000, executed by Stevens to the testator of the plaintiff.

The defendant pleaded—1st. That he did not owe the money to the testator in his lifetime. 2d. Payment to the executor.

The execution of the bond being proved, and the bond produced, there appeared to be no endorsement of any receipt for interest, and the defendant relied upon the presumption of law arising from this circumstance that the debt had been paid.

In order to repel this presumption, and to account for the circumstance, the plaintiff called one Isaac Snowden, who swore that he had been acquainted with Stevens for thirty years ; that he had failed before the revolutionary war, and had removed from Philadelphia, where he had lived. He swore also that in the year 1786, the defendant came to him with two gentlemen, and told the witness he had been to make a tender of the money to John and James Mease, the

executors; he then gave the money to witness, who gave him a receipt for £1,311 and some shillings.

The plaintiff further produced a law, dated in 1772, exempting the person of Stevens from arrest and imprisonment.

KINSEY, C. J., charged the jury as follows:

This is an action of debt, brought by the plaintiff, John Mease, as surviving executor of the last will and testament of John Mease, deceased, against Richard Stevens, on a bond dated May 20th, 1765, in the penalty of £2,000, conditioned for the payment of £1,000 on the 20th of May next ensuing.

[434] To this action the defendant has put in two pleas—1st. That he owed the testator nothing in his lifetime. 2d. That he has paid the executor the money owing on the bond.

The issues, therefore, upon this record, and which you are now to determine, are, whether the defendant actually did owe the money to the testator in his lifetime, and whether he has ever paid it to the executor, as he has alleged. It is the duty of the plaintiff to prove the first of these issues; and the defendant is bound to make out the second.

The defendant seems to have given up the first question, and indeed there cannot remain a doubt that the obligation was actually executed by him; but he relies under the plea of payment upon the presumption of the law that a bond has been paid after a lapse of twenty years without any receipt of interest. The law certainly does, under such circumstances, raise such a presumption; but it is at best but a presumption, liable to be rebutted by testimony; and if the jury are of opinion, from all the circumstances of the case, that the bond never has been discharged, they are not bound to find a verdict for the defendant.

The question then is, whether any evidence has been given to warrant you in setting aside the presumption of the law, under the peculiar circumstances of this case. Two things are relied upon by the plaintiff: first, an offer of the money, as proved by Mr. Snowden; and secondly, that the circumstances of the defendant were so embarrassed and unpromis-

ing that it would have been useless for the plaintiff to have pressed for payment.

On these points you have heard the evidence. If, upon consideration, you shall be of opinion that there has been any acknowledgment of this debt, or the defendant has not been in a situation to discharge the obligation, the circumstances upon which the law builds the presumption are explained, and the presumption itself destroyed. Your verdict ought then to be in favor of the plaintiff for the amount of the principal and interest. If, on the contrary, these facts have not been made out to your satisfaction, your verdict should be for the defendant.

[435] Verdict for the plaintiff, £2000, debt and interest, deducting interest for four years and five months, on account of the war, agreeably to the uniform rule.